[Civ. No. 9451. Second Appellate District, Division Two.—June 13, 1935.]

UNITED FARMERS ASSOCIATION OF CALIFORNIA, Respondent, v. K. SAKIOTA et al., Appellants.

J. Marion Wright for Appellants.

Louis B. Stanton for Respondent.

CRAIL, J.—The sole contention on this appeal is that the contract which was entered into between the parties did not create the relation of debtor and creditor but did create the relation of joint adventurers. All other questions in the case are incidental to and dependent upon this fundamental contention. If it falls, all fall.

The contract when boiled down reads as follows: "First: Grower (defendants-appellants) is the owner of a crop of celery which is now standing and growing on a certain land consisting of 50 acres more or less, which land is located at Sawtelle, California. Second: Company (plaintiff-respondent) has this day advanced Grower the sum of Five Thousand ($5,000.00) Dollars, all to be used by grower in

caring for, cultivating and harvesting the above mentioned crop. Third: Grower hereby employs Company as his sole and exclusive agent and factor to sell and dispose of the above described crop . . . to the extent of Seventy-Five cars, upon the terms and conditions hereafter set forth. Fourth: Grower agrees to grow and harvest said crop in a proper and husbandlike manner . . . Fifth: Grower agrees to deliver all of said crop to Company F. O. B. Cars at field . . . Sixth: The Company agrees to use its best efforts to sell said crop at Los Angeles Market for the best obtainable prices. Seventh: Company reserves the right to reject any or all crops which in its judgment are not in proper condition for marketing. Eighth: Grower agrees to repay to Company the sum of $5,000.00 advanced to the Grower by Company, with interest thereon at the rate of 6½ per cent per annum from date hereof until paid. Ninth: It is understood and agreed between the parties hereto that the aforesaid advance made by the Company shall be deducted from the proceeds derived from selling said crop of celery in car lots at each sale made by the Company for the account of Grower until the entire amount of advancement with interest thereon shall have been fully paid. It is understood, however, the above deduction to be made from each car lot shall not exceed the sum of One Hundred ($100.00) Dollars.''

The relationship of joint adventurers is similar to that of partners. An essential element is that the parties share in the profits and losses. (See 14 Cal. Jur. 759 et seq.; *Nowell v. Oswald,* 96 Cal. App. 536 [274 Pac. 423].) In *Dempsey-Kearns Theatrical & Motion Picture Enterprises* v. *Pantages,* 91 Cal. App. 677 [267 Pac. 550], a case which was denied a hearing by the Supreme Court, it is said: ''It is, however, held without dispute that in order to bring a contract within the legal designation of a copartnership or a joint enterprise, it must appear that the parties thereto are associated together for the joint benefit of all; that they are joint owners of the property belonging to the association and share jointly in the profits as well as in the same proportion bear the losses that might result from the enterprise.'' Obviously there is no such relationship created by the contract before us.

Judgment affirmed.

Stephens, P. J., and Fricke, J., *pro tem.,* concurred.